UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELGIN L. COOPER,

    Plaintiff,

v.

TEAM WELLNESS (MENTAL HEALTH)
SERVICES SUPERVISOR, ET AL.,

    Defendants.
_____/

Case No. 17-12345

SENIOR U.S. DISTRICT JUDGE
ARTHUR J. TARNOW

U.S. MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [10]**

On July 19, 2017, Plaintiff Elgin Cooper, proceeding *pro se*, filed this lawsuit against Defendants, Team Wellness Center, Inc. and their unidentified employees. On the same date, Plaintiff filed another lawsuit pursuant to 42 U.S.C. § 1983 against the State of Michigan, the Detroit Police Department, and Wayne County. *See Cooper v. State of Michigan, et al.*, No. 17-12347. The Court dismissed that case on November 8, 2017.

Many of the issues presented in this case overlap with those in Plaintiff's other case. To the extent that Plaintiff's allegations in this case set forth claims against the State of Michigan, the Detroit Police Department, and/or Wayne County, they are **DISMISSED**. Plaintiff's claims against the State of Michigan cannot stand because "the Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies." *Alabama v. Pugh*, 438 U.S. 781, 781 (1978).

The Detroit Police Department is also entitled to dismissal because a city police department is not a legal entity against whom a § 1983 suit can be directed. *Michonski v. City of Detroit*, 162 Mich. App. 485, 490 (1987); *see also Mondak v. Taylor Police Department*, 2017 WL 1103618, at *2 (Mich. Ct. App. Mar. 23, 2017). Finally, the Court dismisses all claims against Wayne County because "Plaintiff has not identified a county policy or custom, connected the policy or custom to [Wayne] County, nor shown that his [injuries] resulted from execution of a county policy." *Sanders v. Shiawassee County*, No. 16-10993, 2016 WL 2609788, at *3 (E.D. Mich. May 6, 2016).

As best as the Court can discern, Plaintiff brings claims of hostile work environment, sexual harassment, invasion of privacy, slander, violation of the Family Medical Leave Act ("FMLA"), and violation of the Fourteenth Amendment to the U.S. Constitution against the Team Wellness Center defendants. The events underlying Plaintiff's complaint occurred during his employment with Team Wellness, from July 11, 2011 through April 11, 2012.

The Team Wellness defendants filed a Motion to Dismiss [10] on November 7, 2017. In response, Plaintiff has submitted a number of filings [13, 15, 16] in which he requests that the Court "not allow these agencies no mercy or immunity." (Dkt. 13).

The Court has considered the parties' submissions and finds the motion suitable for determination without oral argument pursuant to Local Rule 7.1(f)(2). For the

reasons discussed in depth below, Defendants' Motion to Dismiss [10] is **GRANTED**.

## LEGAL STANDARD

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). On a Rule 12(b)(6) motion to dismiss, the Court must "assume the veracity of [the plaintiff's] well-pleaded factual allegations and determine whether the plaintiff is entitled to legal relief as a matter of law." *McCormick v. Miami Univ.*, 693 F.3d 654, 658 (6th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). "To survive a motion to dismiss, [plaintiff] must allege 'enough facts to state a claim to relief that is plausible on its face.'" *Traverse Bay Area Intermediate Sch. Dist. v. Mich. Dep't of Educ.*, 615 F.3d 622, 627 (6th Cir. 2010) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## ANALYSIS

Plaintiff filed the complaint more than five years after his final day of employment on April 11, 2012. This delay precludes the majority of Plaintiff's allegations.

### 1. Sexual Harassment and Hostile Work Environment

"As Plaintiffs' hostile work environment claim is a state claim, filed pursuant to the [Elliot Larson Civil Rights Act ("ELCRA")], a three-year statute of limitations

applies." *Marin v. Bloom Roofing System, Inc.*, 795 F.Supp.2d 634, 646 (E.D. Mich. 2011) (citing M.C.L. § 600.5805(10)). "[U]nder Michigan law, a plaintiff may not bring a claim for events that occurred beyond the three-year period." *Id.* at 647 (citing *Garg v. Macomb Co. Cmty. Mental Health Servs.*, 472 Mich. 263, 284 (2005)). Similarly, Plaintiff should have filed his sexual harassment claims "within either 180 or 300 days of the date of the [wrongful] act." *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002) (citing 42 U.S.C. § 2000e-5(e)(1)). Because Plaintiff failed to do so, he "lose[s] the ability to recover for" the alleged harassment. *Id.*

2. **Family Medical Leave Act**

The statute of limitations for an FMLA case is two years, 29 U.S.C. § 2617(c)(1), and three years if the violation is willful, 29 U.S.C. § 2617(c)(2). Because Plaintiff's employment with Defendant ended more than five years before he filed this lawsuit, Plaintiff's claim is time-barred.

3. **Slander**

Michigan law provides that the statute of limitations "for an action charging . . . slander" is one year. MCL § 600.5805(9); *see also Bonner v. Chicago Title Ins. Co.*, 194 Mich.App. 462, 471 (1992). Because Plaintiff filed this lawsuit more than five years after the end of his employment with Team Wellness, his slander claim is time barred.

### 4. Invasion of Privacy

Plaintiff's allegations include claims of slander, "illegal video taping," and "wire tapping." To the extent that he argues that Defendants invaded his privacy, these claims are time barred, as "the period of limitations is 3 years after the time of the . . . injury for all actions to recover damages for . . . injury to a person or property." MCL § 600.5805(10); *Arent v. Hatch*, 133 Mich.App. 700, 705 (1984). An invasion of privacy claim accrues "at the time the wrong upon which the claim is based was done regardless of the time when damage results." *Id.* Accordingly, Plaintiff should have filed his invasion of privacy claim by April 11, 2015, three years after his employment with Team Wellness ended.

### 5. Fraud

Michigan law establishes a three-year statute of limitations for most claims of injury to person or property. *See* MCL § 600.5805(10). To the extent that Plaintiff alleges that Defendants committed fraud, his claims are time-barred.

### 6. Fourteenth Amendment

It is well established that "Fourteenth Amendment protections, codified in 42 U.S.C. § 1983, are triggered only in the presence of state action and [ ] a private entity acting on its own cannot deprive a citizen of [his constitutional] rights." *Lansing v. City of Memphis*, 202 F.3d 821, 828 (6th Cir. 2000). "On the other hand, 'a private entity can be held to constitutional standards when its actions so approximate state action that they may be fairly attributed to the state.'" *S.H.A.R.K. v. Metro Parks*

*Serving Summit County*, 499 F.3d 553, 564 (6th Cir. 2007) (quoting *Lansing*, 202 F.3d at 828)).

Plaintiff has set forth no allegations to show that Team Wellness's actions "so approximate state action that they may be fairly attributed to the state." *Id.* Therefore, his claims will be dismissed.

## CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** that Defendants' Motion to Dismiss [10] is **GRANTED**.

**SO ORDERED**.

                                              s/Arthur J. Tarnow
                                              Arthur J. Tarnow
Dated: February 1, 2018           Senior United States District Judge